This was a special action on the case for harboring plaintiff’s clave; and was tried in Edgefield district, before Brevard, J., on the last circuit. The case was this : Christiana Roundtree, deceased, whose executors the defendants are, sometime before her death, in order to secure the payment of a certain sum of money which she had lent to the plaintiff, La Mar, obtained from him a bill of sale of the slave in question, by way of mortgage, the same being on condition, that if the money borrowed by him was not repaid on or before a certain day therein specified, the said sale should be absolute and unconditional. The money was conditioned ,to be paid in July, 1797, before which time Mrs. Roundtree, by a written memorandum endorsed on the bill of sale, agreed to extend the time for repayment to the 5th of September following; and afterwards further agreed, in like manner, to extend the time for payment of the money to November, 1797. The money was not paid or tendered to Mrs. Roundtree during her life, nor to her executors, until September, 1800, when a tender was made to them of the money and interest, and the slave demanded ; and upon the refusal of the executors to accept the mo.ney, and deliver up tho slave, this action was brought. The defendant pleaded the general issue, and did not offer in evidence, or insist by argument, on the benefit of tho act of assembly passed in 1712, sec. 15, P. L. 103, which enacts, that negroes sold by way of mortgage, and not *165 redeemed within two years from the time of the breach of the condition, become the absolute property of the mortgagee, and the mortgagor, shall be foreclosed of his equity of redemption. But the court instructed the jury'to find for the defendants, in pursu.anee of the provision of this act, which they did accordingly.
The plaintiff now moved for a new trial; and two exceptions .were taken to the charge of the court, and the verdict, which were submitted, and argued in this court. 1. That the act of assembly on which the verdict is founded, is obsolete, and not of .force. 2. That the same ought to have been specially pleaded, without which it could not be regarded by the court or jury. ,The first ground was not insisted on ; and the second was deter.mined in favor of the plaintiff: and the court resolved, that in all such cases as this, where the defendant claims the property pledged, or mortgaged, in virtue of this act of limitation, he must plead the act specially, and challenge the right he claims by his plea. On motion, however, the defendants had leave to withdraw their plea of the general issue, and plead specially: so that although a new .trial was granted, the plaintiff could not derive any advantage from it
On the part of the defendants, it was argued, that the act was a public act, which all men are bound to take notice of without special pleading. That the act vests the property in the defendants, after a breach of condition, and the lapse of two years : and this case is distinguished from those wherein it is necessary to plead the act of limitations in bar of an action, as in assumpsit, where on non assumpsit it would be improper to give the act in evidence, be-' cause irrelevant to the issue ; but upon a plea of nil debet, on debt on simple contract, the act of limitation may bo given in evidence, because not irrelevant to the plea. So here, where the plea is not guilty of harboring, if the action could ever have been maintained, and the plaintiff had lost his remedy by limitation of time, as in trover, where the action could have been supported, if it had been brought within four years, but has been brought after four years .has elapsed from the conversion, it would be proper and necessary to plead the act of limitation, which is in effect confessing and avoiding the allegations of the plaintiff: but bore the right of action never attached, and could not be lost by the limitation of time, as in the other eases ; and, therefore, there could be no propriety or necessity in putting the defendants to plead the act, which would oblige him to acknowledge the plaintiffs’s title in the first place, and then take upon themselves all the trouble of shewing how ha *166 lost it, to avoid a claim any legal right to bring. ° fa by action, which the plaintiff never hat?
. , New tnal granted,